IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-518-WHA-CWB |
| | ) |
| COMMANDER JUNEAU, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate at Limestone Correctional Facility and recently initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). However, Plaintiff did not submit the $350.00 filing fee or the $52.00 administrative fee, nor did he file a request to proceed *in forma pauperis*. Plaintiff thus was informed via Order dated September 1, 2022 (Doc. 2) that failure to file the required fees or submit a properly supported application to proceed *in forma pauperis* would result in a Recommendation that the action be dismissed.

Plaintiff in turn filed a Motion to Submit an Account Statement (Doc. 3) and an Application to Proceed without Prepayment of Fees (Doc. 4). Nonetheless, Plaintiff failed to include an inmate account statement as specifically directed in the September 1, 2022 Order. (Doc. 2 at p. 2). By Order dated September 19, 2022 (Doc. 5), Plaintiff again was informed as to the need to file an inmate account statement. Following Plaintiff's Motion for Status (Doc. 6), which failed to include the required inmate account statement, yet another Order was issued on October 10, 2022 (Doc. 7) directing Plaintiff to submit an inmate account statement no later than October 19, 2022—a deadline that Plaintiff subsequently missed.

1

On October 27, 2022, the undersigned issued a Recommendation that this action be dismissed due to Plaintiff's ongoing failure to submit an inmate account statement. (Doc. 9). Thereafter, Plaintiff filed the required information (Doc. 10), and the undersigned vacated the Recommendation (Doc. 11). On November 3, 2022, the undersigned granted Plaintiff's request to proceed *in forma pauperis* and ordered Plaintiff to remit an initial partial filing fee in the amount of $4.00 no later than November 15, 2022. (Doc. 13). That deadline has now expired without payment being made.

Viewed in its entirety, the foregoing history reflects a lack of interest in the prosecution of this action. Under the circumstances presented, the undersigned finds that lesser sanctions than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is hereby **ORDERED** that any objections to this Recommendation be filed no later than **December 22, 2022**. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 8th of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**